Martin, J.
delivered the opinion of the court. The plaintiff claims, under a judgment rendered under the Spanish government, the price of *636 a slave of his sold to Gale, and it is averred that sufficient assets came to the hands of the defendant. The answer denies all the facts, as well as the existence of the record, and avers that the debt, if it ever existed, was destroyed by a novation: farther, that the petitioner’s husband mortgaged the slave, to one M’Mucker, who now holds him, which is averred to be in the knowlege of the plaintiff and assets are denied.
East’n. District.
March 1817.
On this there was a verdict for the plaintiff, for $520 principal, and $229 68. for interest. The defendant appealed.
The case comes upon a bill of exceptions and statement of facts.
The bill shews that, at the trial, the plaintiff offered in evidence a paper purporting to be the copy of a bill of sale, made by Charles de Grandpre governor of Baton-Rouge, signed Delassus, without its being otherwise authenticated than by being pinned to a paper called a record, in such a form, as record were kept by Spanish commandants, taken from the archives of the district of New-Feliciana, delivered to the convention and governor, by the Spanish authorities, and by the convention to the parish judge, now brought on a subpoena duces tecum— *637 that the defendant opposed the reading of the document, on the ground of its wanting certainty and authenticity as the authority of Delassus to make the copy did not appear—that, admitting his authority there was no evidence of his having made or subscribed the copy. The district court overruled these objections and the papers was read.
The statement of facts informs us that the death of Gale, and the appointment of the de-defendant as curatrix were admitted—that the plaintiff offered in evidence the copy of the bill of sale, spoken of in the bill of exceptions and the record of the suit, in the Spanish court.
This court is of opinion that the district judge did not err, in admitting as evidence the document brought up by the parish judge, taken from the records officially delivered to him by the late convention, to whom they had been surrendered by the officers of the Spanish government. The signatures of Grandpre and Delassus, successively governors of the district of Baton-Rouge, on instruments deposited in the archives, are of the public notoriety as well their official capacities. Hayes vs. Berwick, 2 Martin, 138. The records, altho’ loosely kept are admitted to *638 be as all the records, in the office from which they are brought, are to be found.
On the merits we are of opinion that the debt is sufficiently proven, that there is no evidence to support any part of the defence, and that the plaintiff is entitled to the judgment out of the estate of Gales. But the petition has averred, and the answer denied the existence of assets in the hands of the curatrix. This fact was one of the issues submitted to the jury and they found a general verdict for the plaintiff. There was no evidence before them from which the existence of assets could be inferred. The verdict was, in this respect, unsupported by evidence, and the judgment given thereon consequently erroneous.
It is therefore ordered, adjudged and decreed that the judgment be annulled, avoided and reversed, and this court proceeding to give such judgment as in their opinion ought to have been given in the district court, upon the statement, which comes up with the record: It is ordered adjudged and decreed that the plaintiff do recover me sum of $529 of principal and $229 68 of interest, out of the estate of the deceased and *639 costs in the district court, and that he pay the costs in this court.
Duncan for the plaintiff, Moreau for the defendant.